UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STASON SUTTON,

        Plaintiff,

   -against-

119 CHRISTOPHER LLC et al.,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/01/25__

25-CV-8019 (DEH) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed the letter-motion filed by defendant Sushi Counter Limited (Sushi Counter), on behalf of "[t]he parties," requesting a mediation referral or, in the alternative, an order converting the in-person initial case management conference, scheduled for December 15, 2025, into a virtual conference. (Dkt. 14.) Upon review of the docket, however, the Court notes that there are two defendants in this action. Defendant Sushi Counter appeared and answered on November 4, 2025 (Dkts. 11, 12), but defendant 119 Christopher LLC (119 Christopher) has not yet appeared or answered. Consequently, the conference currently scheduled for December 15, 2025 is ADJOURNED *sine die*.

The Court further notes that, while plaintiff has filed a declaration of service as to both defendants (Dkt. 10), the declaration states that they were served "via US Postal Service" at "the addresses identified by the New York Secretary of State," "pursuant to Fed. R. Civ. P. 5(b)(2)(C) and (F)." Rule 4, not Rule 5, governs service of the summons and a copy of the initial complaint. If the defendant is a limited liability corporation (LLC), the summons and complaint must be served upon it pursuant to Rule 4(h)(1)(A), which permits service "in the manner prescribed by Rule 4(1)(e) for serving an individual," or pursuant to Rule 4(h)(1)(B), which requires personal delivery of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1), in turn, permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). Under New York law, an LLC may be served by "delivering a copy [of the summons and complaint] personally" to a "member" of the LLC, if management is vested in the members; to a "manager" of the LLC, if management is vested in a manager; or to certain other designated representatives of the LLC. N.Y. C.P.L.R. § 311-a. Alternatively, an LLC may be served "under article three of the limited liability company law," *id.*, which is accomplished by serving the New York Secretary of State "as agent of a domestic limited liability company or authorized foreign limited liability company." N.Y. Ltd. Liab. Co. L. § 303(a).

Service by mail alone does not constitute proper service under any of these rules or statutes. Consequently, it appears to the Court that defendant 119 Christopher has not yet been served with process.

Plaintiff is reminded that "[i]f a defendant is not served within 90 days after the complaint is filed," the Court must either dismiss the action against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

Plaintiff may renew his request for a mediation referral once defendant 119 Christopher has appeared and responded to the complaint (or alternatively, once defendant 119 Christopher has been properly served with the summons and complaint but has failed to respond, and its default has been entered by the Clerk of Court).

The Clerk of Court is respectfully directed to take the December 15, 2025 conference in this action off of the Court's calendar.

Dated: New York, New York
      December 1, 2025

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**